# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 20, 2007
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2007-SC-000310-MR

**MICHAEL POINTS** APPELLANT

V.

ON APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE GEOFFREY P. MORRIS, JUDGE
NO. 05-CR-003024 AND 06-CR-000608

**COMMONWEALTH OF KENTUCKY** APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

This case is on appeal from the Jefferson Circuit Court where Appellant, Michael Points, was convicted of trafficking in a controlled substance in the first degree, disregarding a stop sign, and being a persistent felony offender and was sentenced to twenty-one years' imprisonment. Appellant now appeals to this Court as a matter of right. Ky. Const. Sec. 110(2)(b).

Appellant raises three claims of error: (1) that the Commonwealth's reasons for striking two African American jurors were improper; (2) that the jury was provided an incorrect verdict form; and (3) that the trial court should have suppressed evidence obtained from an illegal search.

Because Appellant's claim concerning the verdict form was not properly preserved for appellate review, the Court will only reverse them if they constitute palpable error under RCr 10.26. A palpable error is one that "affects the substantial

rights of a party" and will result in "manifest injustice" if not considered by the court. Schoenbachler v. Commonwealth, 95 S.W.3d 830 (Ky. 2003) (citing RCr 10.26). Recently this Court clarified that the key emphasis in defining such a palpable error under RCr 10.26 is the concept of "manifest injustice." Martin v. Commonwealth, 207 S.W.3d 1, 3 (Ky. 2006). "[T]he required showing is probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." Id. Having reviewed Appellant's argument, the Court concludes that there was no manifest injustice. The alleged error was neither "shocking" nor "jurisprudentially intolerable." Id. at 4. Therefore, it cannot be considered palpable and is not grounds for reversal.

Finding no error with respect to Appellant's two remaining issues, this Court affirms the ruling of the trial court.

## I. Background

Appellant was stopped when Officer Kristin Downs observed him drive a moped through a stop light. Officer Downs approached the moped and asked Appellant for his license. Appellant stated that the address on the license was incorrect and gave his correct address. She noticed at this time that the moped did not have a flag or a license tag. Officer Downs also noted that Appellant was wearing a home incarceration bracelet. She asked Appellant if he had "anything on him that would get him into trouble, any guns or drugs." At first, Appellant replied, "Yeah." Officer Downs waited for Appellant to produce the contraband. When he did not, she repeated the question and he responded, "No." When Officer Downs asked about his conflicting answers, Appellant replied he hadn't heard her.

2

Officer Downs decided to perform a pat down search of Appellant. She immediately recognized crack cocaine in Appellant's pocket. She removed 37 pieces of individually wrapped cocaine, placed them in an envelope and gave them to another officer on the scene. Appellant was then arrested.

## II. Analysis

### A. Batson Challenge

In using its nine peremptory strikes, the Commonwealth struck three African American jurors, #1, #32 and #38 out of five left on the jury panel. Appellant raised an objection pursuant to Batson v. Kentucky, 476 U.S. 79, 106 (1986). The trial court granted Appellant's objection as to Juror #38, but denied his objections to Jurors #1 and #32.

Under Batson, there is a three step process to determine whether a prosecutor has used peremptory challenges to strike jurors on the basis of race: (1) the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race; (2) if this showing is made, the burden shifts to the prosecutor to articulate a clear and reasonably specific race-neutral explanation for striking the jurors in question and (3) the trial court must evaluate the credibility of the proffered reasons and determine whether the defendant has carried his burden of proving purposeful discrimination. 476 U.S. 79 at 96-98. On appellate review, a trial court's denial of a Batson challenge will not be reversed unless clearly erroneous. Hernandez v. New York, 500 U.S. 352, 369 (1991); Washington v. Commonwealth, 34 S.W.3d 376, 379-80 (Ky. 2000).

The Commonwealth argues that Appellant failed to satisfy the first step of <u>Batson</u> by making a prima facie showing of racial discrimination. However, the judge indicated that "three strikes out of nine of the remaining five African Americans does concern me." To make a prima facie case, Appellant must show he is a member of a cognizable racial group, <u>Castaneda v. Partida</u>, 430 U.S. 482 (1977), <u>quoted in</u> <u>Batson</u>, 476 U.S. at 84, and he must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude jurors on the basis of race. <u>Id.</u> at 96. The concerns raised by Appellant in his objection, and the judge's comments regarding his concern that so many African Americans had been stricken, satisfy this requirement.

The Commonwealth then proceeded to provide "race neutral reasons" for striking the two jurors. Regarding Juror #1, the Commonwealth explained that this juror did not respond to any questions; she sat in a corner "dipped down" and covering her face; she looked straight ahead and did not look at either attorney; she showed no emotion and did not appear to be paying attention. Appellant alleges that this juror was outside the view and hearing of the video record. While that appears to be the case, both parties agree that Juror #1 did not respond to any questions during voir dire.

Regarding Juror #32, the Commonwealth explained that this juror did not raise his hand when asked whether he or anyone he knew worked in law enforcement, even though his juror information sheet indicated that he was a correctional officer at the Kentucky Correctional Institute for Women.

As courts in many jurisdictions have held, striking jurors who appear inattentive is a racially-neutral reason for utilizing a peremptory strike. See <u>Messiah v. Duncan</u>, 435 F.3d 186, 200 (2nd Cir. 2006); <u>United States v. Knight</u>, 342 F.3d 697 (7th Cir. 2003);

<u>United States v. Copeland</u>, 321 F.3d 582, 599 (6th Cir. 2003). The Commonwealth gave a thorough explanation for why it thought Juror #1 was inattentive and the trial court accepted that explanation.

Juror #32 gave an answer the Commonwealth felt was inconsistent with the information on his juror information sheet. According to the Commonwealth, this was either due to the juror's inattentiveness or his dishonesty. Appellant claims, however, that Juror #32 did not fail to answer, or answer dishonestly, stating that the only questions asked were whether anyone was a lawyer or police officer or had friends or relatives in law enforcement. Appellant alleges that a correctional officer is not a police officer and the Commonwealth counters that corrections officers have full powers of arrest. This hair splitting is unnecessary. While these nuances might be relevant in determining whether a challenge for cause should have been granted, the explanation given by the Commonwealth was sufficient for a peremptory strike. See <u>Batson</u> at 97.

The trial court proceeded through the steps under <u>Batson</u> appropriately. There was nothing erroneous about the trial court's conclusions as to Jurors #1 and #32 as the Commonwealth gave reasonable race-neutral reasons for striking them.

### B. Motion to Suppress

A month prior to trial, Appellant filed a pro se motion to suppress evidence. On the morning of the first day of trial, Appellant's counsel filed a second motion to suppress. Both motions challenged the admissibility of Appellant's statements to Officer Downs, and of the cocaine found on Appellant during the pat down search. On the morning of trial, the trial court conducted a hearing on the issue and overruled Appellant's motions. Since the factual findings of the trial court shall be conclusive if supported by substantial evidence, RCr 9.78, Appellant has the burden to show that the

5

trial court's ruling was clearly erroneous. See Commonwealth v. Banks, 68 S.W.3d 347, 349 (Ky. 2001).

Appellant alleges that Officer Downs's questioning of him exceeded the purpose of the stop. During the suppression hearing, Officer Downs testified to the following reasons for why she searched Appellant:

1. The area where Appellant was traveling was a "high crime area."

2. The moped Appellant was riding had no flag or registration plate.

3. Appellant's address was incorrect on his license.

4. Appellant was wearing an ankle home incarceration bracelet.

5. When Appellant was asked whether he had any drugs or guns on him, he answered, "Yeah," then answered "No" when asked a second time.

Officer Downs stated that she performed the pat-down search based on the totality of the circumstances, and cited the reasons stated above to establish her purpose of searching for weapons. While feeling Appellant's leg, Officer Downs felt what she recognized as crack cocaine in Appellant's pocket.

Appellant argues that once Officer Downs had run his license and checked the VIN number of the moped, that he should have been issued a citation and that the stop should have concluded. Officer Downs's detention of Appellant was not, however, unreasonable. "Questions that hold potential for detecting crime, yet create little or no inconvenience, do not turn reasonable detention into unreasonable detention." Ohio v. Robinette, 519 U.S. 33 (1996) quoted in Garcia v. Commonwealth, 185 S.W.3d 658, 667 (Ky. App. 2006). Officer Downs's questions about whether Appellant had any contraband did not detain Appellant any longer than he otherwise would have been.

6

Where a police officer observes "unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot...where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries...he is entitled for the protection of himself and others...to conduct a carefully limited search...in an attempt to discover weapons." Terry v. Ohio, 392 U.S. 1, 30 (1968).

Appellant's conflicting answers to these questions, combined with the other facts Officer Downs testified to, were enough to give her reasonable suspicion to conduct a pat-down search. The trial court's ruling on Appellant's motion to suppress was proper.

### III. Conclusion

For the forgoing reasons, the decision of the trial court is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Daniel T. Goyette
Louisville Metro Public Defender
200 Advocacy Plaza
719 West Jefferson Street
Louisville, Kentucky 40202

Cicely Jaracz Lambert
Deputy Appellate Defender
Louisville Metro Public Defender
200 Advocacy Plaza
719 West Jefferson Street
Louisville, Kentucky 40202


COUNSEL FOR APPELLEE:

Gregory D. Stumbo
Attorney General

Perry T. Ryan
Assistant Attorney General
Criminal Appellate Division
Office of the Attorney General
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601-8204